

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00051-CR

_____

DAKOTA MORALES GARZA, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from the 90th District Court
Young County, Texas
Trial Court No. 11153

_____

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Kerr

# MEMORANDUM OPINION

On May 10, 2019, the trial court revoked Dakota Morales Garza's deferred-adjudication community supervision and adjudicated Garza guilty of aggravated robbery and sentenced him to 45 years' confinement. *See* Tex. Penal Code Ann. § 29.03. Proceeding pro se, Garza filed a notice of appeal on March 18, 2022, nearly three years too late. *See* Tex. R. App. P. 26.2(a).

Because Garza's notice of appeal was untimely filed, we notified Garza by letter of our concern that we thus lacked jurisdiction over his appeal. In our letter, we explained that because Garza did not move for a new trial, his notice of appeal was due June 10, 2019, but was not filed until March 18, 2022. *See* Tex. R. App. P. 26.2(a)(1); *see also* Tex. R. App. P. 4.1(a). We warned Garza that we could dismiss his appeal for want of jurisdiction unless, within ten days, he or any other party desiring to continue the appeal filed a response showing grounds for continuing it. *See* Tex. R. App. P. 44.3. Ten days have passed, and we have received no response.

A timely filed notice of appeal is a jurisdictional prerequisite to perfecting an appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If a notice of appeal is untimely filed, we must dismiss the appeal for want of jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo*, 918 S.W.2d at 523.

Because Garza's notice of appeal was untimely, we dismiss this appeal for want of jurisdiction.[1] *See* Tex. R. App. P. 43.2(f).

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: May 5, 2022

---

[1]Garza may be entitled to relief by filing an application for writ of habeas corpus returnable to the Court of Criminal Appeals for consideration of an out-of-time appeal. *See* Tex. Code Crim. Proc. Ann. art. 11.07.